**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF TEXAS

Case number (if known): _____    Chapter   **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Navarro Pecan Company, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **75-1541084** |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **4200 South Hulen Street, Suite 680** **Fort Worth, TX 76109** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Tarrant** County | **Location of principal assets, if different from principal place of business** **2131 East Highway 31 Corsicana, TX 75109** Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | http://www.navarropecan.com |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor **Navarro Pecan Company, Inc.** _____ Case number (*if known*)_____
    Name

7. **Describe debtor's business**

    A. *Check one:*
    - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    - ■ None of the above

    B. *Check all that apply*
    - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
    - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
    - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __4244__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*
    - ☐ Chapter 7
    - ☐ Chapter 9
    - ■ Chapter 11. *Check **all** that apply*:
        - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
        - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
        - ☐ A plan is being filed with this petition.
        - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
        - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
        - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
    - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
    If more than 2 cases, attach a separate list.

    - ■ No.
    - ☐ Yes.

    District _____ When _____ Case number _____
    District _____ When _____ Case number _____

Debtor **Navarro Pecan Company, Inc.** _____ Case number (*if known*) _____
     Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $1,000,001 - $10 million
☐ $500,000,001 - $1 billion

Debtor **Navarro Pecan Company, Inc.** Case number (*if known*)
Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Navarro Pecan Company, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January 30, 2023**
MM / DD / YYYY

X **/s/ Brad Walker**          **Brad Walker**
Signature of authorized representative of debtor          Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Joshua N. Eppich**          Date **January 30, 2023**
Signature of attorney for debtor          MM / DD / YYYY

**Joshua N. Eppich 24050567**
Printed name

**Bonds Ellis Eppich Schafer Jones LLP**
Firm name

**420 Throckmorton Street, Suite 1000**
**Fort Worth, TX 76102**
Number, Street, City, State & ZIP Code

Contact phone  **817-405-6900**    Email address  **Joshua@bondsellis.com**

**24050567 TX**
Bar number and State

Fill in this information to identify the case:

Debtor name: **Navarro Pecan Company, Inc.**
United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| AMC Freight Management<br>P.O. BOX 371993<br>El Paso, TX 79937 | | Services | | | | $111,950.00 |
| Bank Direct Capital Finance<br>150 North Field Drive, Suite 190<br>Lake Forest, IL 60045 | | | | | | $42,336.30 |
| Cintas Corp.<br>CINTAS LOC 12 M<br>P.O. BOX 650838<br>Dallas, TX 75265 | | Services | | | | $61,211.48 |
| D&P Cold Storage<br>324 SH 16 South<br>Goldthwaite, TX 76844 | | | | | | $270,847.00 |
| Easterlin Pecan Company<br>P.O. BOX 216<br>Montezuma, GA 31063 | | Trade debt | | | | $5,192,805.48 |
| Green Bay Packaging Inc.<br>BIN NO. 53139<br>Milwaukee, WI 53288-0139 | | Trade debt | | | | $41,207.04 |
| Mansfield Warehousing Services Inc.<br>614 Jenkins<br>Mansfield, LA 71052 | | Services | | | | $38,800.00 |
| Muirhead Trucking, Inc.<br>P.O. BOX 1080<br>Mabank, TX 75147 | | Services | | | | $75,319.90 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 1

Debtor **Navarro Pecan Company, Inc.**  Case number *(if known)*
_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Nature's Finest Foods Ltd<br>1505 Paramount Parkway<br>Batavia, IL 60510-1469 | | Trade debt | | | | $65,366.09 |
| Nutsource Inc<br>1700N Lincoln Hwy<br>St. Charles, IL 60174 | | Trade debt | | | | $104,310.10 |
| Pecan Producers, Inc.<br>324 SH 16 South<br>Goldthwaite, TX 76844 | | Trade debt | | | | $2,898,780.00 |
| Pure & Natural Food Consortium<br>1700 Lincoln Hwy. Suite H<br>St. Charles, IL 60174 | | Trade debt | | | | $113,502.18 |
| Silliker Inc<br>3155 Paysphere Circle<br>Chicago, IL 60674 | | Services | | | | $103,857.56 |
| Smurfit Kappa No America LLC<br>MAIL CODE 5184<br>P.O. BOX 660367<br>Dallas, TX 75266-0367 | | Trade debt | | | | $70,400.11 |
| SNRA Commodities Inc<br>P.O. BOX 734056<br>Dallas, TX 75373-4056 | | Trade debt | Disputed | | | $151,805.00 |
| Tax Advisors Group LLC<br>12400 Coit Road Ste. 960<br>Dallas, TX 75251 | | Services | | | | $40,160.23 |
| The Home Depot DBA Supplyworks<br>PO Box 844727<br>Dallas, TX 75284 | | Trade debt | | | | $44,967.17 |
| Truist Bank<br>3333 Peachtree Rd., NE, 7th Floor<br>Atlanta, GA 30326 | Brent McIlwain Holland & Knight LLP<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201 | Loan | | Unknown | Unknown | Unknown |

Official form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims          page 2

Debtor **Navarro Pecan Company, Inc.**　　　　　　　　　　　　　Case number *(if known)*
　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **U.S. Pecan Trading Co. Ltd**<br>**1117 Zuni**<br>**El Paso, TX 79925** | | **Trade debt** | | | | $1,713,385.89 |
| **US Pecans Ltd**<br>**1117 Zuni**<br>**El Paso, TX 79925** | | **Trade debt** | | | | $1,889,616.83 |

**Fill in this information to identify the case:**

Debtor name: **Navarro Pecan Company, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January 30, 2023**     X **/s/ Brad Walker**
                                     Signature of individual signing on behalf of debtor

                                     **Brad Walker**
                                     Printed name

                                     **Chief Restructuring Officer**
                                     Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

# WRITTEN CONSENT OF THE DIRECTORS
# OF NAVARRO PECAN COMPANY, INC.

### January 13, 2023

Pursuant to the Texas Business Organizations Code and those certain Bylaws of Navarro Pecan Company, Inc. dated as of March 4, 1977 adopted by Navarro Pecan Company, Inc., a Texas corporation ("Company"), the undersigned, being all of the directors (the "Directors") of the Company, in lieu of a meeting, do hereby take the following actions and adopt the following resolutions by written consent (this "Consent"):

(A)  **Appointment of Chief Restructuring Officer**

    **WHEREAS**, the Company has previously engaged Brad Walker of StoneTower Capital of Dallas, Texas, as the Chief Restructuring Officer ("CRO") of the Company to assist with certain executive management, lender relationship management, accounting management, operations support, and communication, as further set forth in the relevant engagement agreement with the CRO and other relevant documents;

    **WHEREAS**, the Company seeks to engage the CRO to assist with a restructuring of the Company's business and assets under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") as set forth herein, including the operation of the Company, the negotiation and resolution of the debt and liabilities of the Company, and the administration of the assets of the Company;

    **WHEREAS**, the appointment of the CRO may require the execution of certain agreements and documents associated with such appointment; and

    **WHEREAS**, the officers of the Company have reviewed and carefully considered the proposal to appoint the CRO and to grant the CRO certain powers to act on behalf of the Company, including with respect to a restructuring of the Company's business and assets under the Bankruptcy Code;

    **NOW, THEREFORE, IT IS RESOLVED** that the Company is authorized and directed to execute and deliver, and perform under, all documents necessary or appropriate to effectuate the appointment and/or retention of the CRO;

    **IT IS FURTHER RESOLVED** that the CRO is given the following powers and is authorized to perform the following actions:

1. Bankruptcy and Restructuring Responsibilities:

    a.    With the assistance of the current management of the Company, manage the restructuring process of the Company under the Bankruptcy Code, including working with the Company's employees, professionals, secured lenders, any official committees, and/or other creditors or stakeholders;

    b.    Assist counsel and provide testimony in any Bankruptcy Code

1

      c.    proceeding;

      c.    Establish communication protocol with all stakeholders;

      d.    Assist in the preparation and development of financial projections and cash flow budgets, including the implementation of cash conservation strategies, tactics, and processes where appropriate and feasible;

      e.    Develop, prepare, and review monthly operating reports and ensure they are filed on a timely basis;

      f.    Evaluate strategic and liquidity options of the Company, including the restructuring, refinancing, or reorganizing of the Company and/or its assets and liabilities, or a sale of the Company's assets pursuant to Section 363 of the Bankruptcy Code, and assist current Company management with the development of a plan for same; and

      g.    Provide such other similar services as may be requested or required, and in keeping with the ethical responsibilities of a chapter 11 professional.

2. <u>Executive Management</u>:

      a.    Participate in meetings between the Company and Truist Bank (f/k/a SunTrust Bank) ("<u>Truist</u>"), Hillcrest Bank, a division of NBH Bank ("<u>Hillcrest</u>"), and any other applicable lender(s);

      b.    Participate in meetings between the Company and any existing or potential equity investors in the Company;

      c.    Participate in all meetings between the Company and its vendors.

3. <u>Lender Relationship Management</u>:

      a.    Assist with the Company's relationship with Truist, Hillcrest, and other lenders;

      b.    Monitor the progress of the Company's business toward stated goals; and

      c.    Develop appropriate key indicator reports and provide the same to the Company, Truist, and Hillcrest.

4. <u>Accounting Management and Operations Support</u>:

      a.    Prepare and review the Company's rolling 13-week cash flow statement ("<u>Cash Flow Statement</u>") and weekly variance analysis;

      b.    Monitor Company performance against the Cash Flow Statement and assist with communications regarding Cash Flow Statement variances in periodic discussions with Truist;

      c.    Provide weekly budget to actual performance measurement against the approved Cash Flow Statement, both weekly and cumulatively; and

      d.    Identify and track cost saving initiatives on a weekly basis.

5. <u>Communication</u>:

   a. Discuss the Company's financial condition and opportunities, as understood at that time, with the Company's management and stakeholders, as well as Truist and any capital placement advisor.

**IT IS FURTHER RESOLVED** that the form of, the terms and provisions of, and the agreement contemplated by an engagement agreement with the CRO, are hereby approved and authorized in all respects, with such changes or modifications that the officers, Directors or their designee(s) may deem necessary or advisable, such determination to be conclusively evidenced by the execution by the officers of the Company or their designee(s) on behalf of the Company of any such document related to the agreement as described therein or herein;

**IT IS FURTHER RESOLVED** that Brad Walker of StoneTower Capital is appointed and retained as the Company's CRO, with all the rights, powers, duties, and responsibilities given and designated to the CRO as provided herein and in the engagement agreement; and

**IT IS FURTHER RESOLVED** that any and all actions heretofore or hereafter taken by the Company in connection with the foregoing, be and each of them hereby is ratified, confirmed, and approved.

**(B)** **Voluntary Petition for Chapter 11 Bankruptcy**

**WHEREAS**, the Directors, in conjunction with the Company's officers and management, have evaluated a possible restructuring of the Company and the alternatives thereto, and have reviewed and considered the recommendations of the Company's professionals and advisors with respect to potential avenues for relief that are available to the Company, including the possibility of pursuing a restructuring of the Company's business and assets under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and have determined that the filing of a voluntary petition (the "<u>Petition</u>") seeking relief pursuant to a case (the "<u>Chapter 11 Case</u>") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "<u>Bankruptcy Court</u>") is in the best interests of the Company;

**NOW, THEREFORE, IT IS RESOLVED** that the Company shall be, and hereby is, authorized, empowered, and directed to commence a Chapter 11 Case under the Bankruptcy Code, including by: (a) filing a Petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court and any other forms and documents that may be necessary or appropriate to commence and maintain the Chapter 11 Case; and (b) performing any and all acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect any of the foregoing;

**IT IS FURTHER RESOLVED** that Brad Walker, CRO of the Company (the "<u>Authorized Person</u>") as appointed herein pursuant to the terms of this Consent, is authorized, empowered, and directed to: (a) execute, acknowledge, deliver, and verify the

3

Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution therefore any modifications to the Petition or ancillary documents as the Authorized Person, in his discretion deems necessary, desirable, or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, and verify and file or cause to be filed all other petitions, schedules, statements, lists, motions, applications, including any plan of reorganization or motion to sell assets, and other papers and documents necessary or desirable in connection with the foregoing and the Chapter 11 Case; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection with the Chapter 11 Case and to administer the Company's Chapter 11 Case in such form or forms as the Authorized Person may deem necessary or advisable in order to effectuate the purpose and intent of the foregoing resolutions; and (d) all actions heretofore taken by the Authorized Person in connection with the subject of the foregoing resolutions be, and hereby are, approved, ratified and confirmed in all respects as the acts and deeds of the Company;

**IT IS FURTHER RESOLVED** that the law firm of Bonds Ellis Eppich Schafer Jones LLP shall be, and hereby is, authorized, empowered, and directed to represent the Company as a debtor and/or debtor-in-possession in connection with the Chapter 11 Case, and the Authorized Person is authorized and directed to retain on behalf of the Company, upon such terms and conditions as the Authorized Person shall approve, such law firm to represent the Company in connection with the Chapter 11 Case;

**IT IS FURTHER RESOLVED** that the Authorized Person is authorized, directed, and empowered to retain such other attorneys, financial advisors, accountants, and other professionals as the Authorized Person shall deem appropriate in his judgment to assist the Company in its restructuring efforts in the Chapter 11 Case or prior to filing; and

**IT IS FURTHER RESOLVED** that the Authorized Person, on behalf of the Company, is hereby authorized, empowered, and directed to take or cause to be taken any and all such further action as the Authorized Person shall deem necessary or appropriate to effectuate the purpose of the resolutions contained herein, including, without limitation, to execute and deliver any and all such further instruments and documents, and to pay all fees and expenses as may be necessary or appropriate in connection with the Chapter 11 Case.

(C)    **Debtor-in-Possession Financing**

**WHEREAS**, the Company may determine it is in its best interests to obtain debtor-in-possession financing in connection with the Chapter 11 Case;

**WHEREAS**, in the event the Company decides to obtain debtor-in-possession financing, the Company anticipates a lender or lenders will require the Company to enter into certain agreements and execute other documents related to any debtor-in-possession financing;

**WHEREAS**, by this resolution, the Directors desire to authorize the Company to obtain such debtor-in-possession financing and to vest the Authorized Person with the requisite authority to bind the Company to any credit facility, financing agreement, and

any and all other agreements and documents as may be necessary or appropriate to obtain such financing on behalf of the Company.

NOW, THEREFORE, IT IS RESOLVED that the Authorized Person is authorized and directed, on behalf of the Company, to negotiate the form and terms and provisions of any and all such agreements and documents as may be necessary or appropriate to obtain debtor-in-possession financing on behalf of the Company and to execute and deliver all such agreements and documents as the Authorized Person in his sole and absolute discretion approves, with such approval being conclusively established by his execution and delivery of such documents relating to debtor-in-possession financing;

IT IS FURTHER RESOLVED that the Authorized Person is authorized and directed, on behalf of the Company, to negotiate the form and terms and provisions of any and all security documents (including without limitation Uniform Commercial Code financing statements) and any other notices, certificates, instruments, documents, and writings, and to do and perform or cause to be done and performed all such other acts as the Directors may from time to time deem necessary, advisable, or appropriate in order to (a) consummate debtor-in-possession credit facilities; (b) give or undertake security, assurances, or obligations to lenders in connection with a debtor-in-possession credit facilities; and/or (c) to perform and comply with all covenants and agreements and meet and satisfy all conditions and obligations of the Company set forth in any credit agreements or any of the instruments, documents and agreements executed or delivered by the Company, including as may be required by any credit agreements and any other documents requested by a lender in order to effect the transactions contemplated by such credit agreements; and

IT IS FURTHER RESOLVED that the Authorized Person is authorized to negotiate, execute, and deliver any amendments, modifications, or supplements to, any reaffirmations, and any waivers or consents under, any credit agreement to which the Company is a party (including, without limitation, any extensions for any period, any increases and any restructuring, refinancing, or rearrangement of obligations therewith) in the name of the Company and to take all actions in accordance therewith that the Directors deem necessary or appropriate.

(D)   **Further Action**

IT IS RESOLVED that in addition to and without limiting the foregoing, the Authorized Person is hereby authorized, empowered, and directed to take, or cause to be taken, such further action, and to execute and deliver, or cause to be executed and delivered, for and in the name and on behalf of the Company, all such further instruments and documents as the Authorized Person, with the advice of counsel, may deem to be necessary or advisable in order to effect the purpose and intent of the foregoing resolutions and to be in the best interest of the Company (as conclusively evidenced by the taking of such action or the execution and delivery of such instruments or documents, as the case may be, by or under the direction of the Authorized Person), and all action heretofore taken by the Authorized Person in connection with the subject of the foregoing resolutions be, and it hereby is, approved, ratified and confirmed in all respects as the acts and deeds of the

if necessary Company.

The undersigned certify that they are the only serving directors of Navarro Pecan Company, Inc., that they are legally entitled to approve the foregoing resolutions, and that the adoption of such resolutions by the unanimous written consent of the directors is authorized by the organizational documents of the Company and applicable state law.

Dated to be effective this 13th day of January, 2023.

_____
Mary M. Magers, Director

_____
Robert P. McNutt, Director

# United States Bankruptcy Court
## Northern District of Texas

In re **Navarro Pecan Company, Inc.**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Collin Street Bakery**<br>401 W. 7th Avenue<br>Corsicana, TX 75110 | Common Shares | 49% | |
| **Estate of George Martin**<br>c/o Mary Martin Magers<br>2131 East Highway 31<br>Corsicana, TX 75109 | Common Shares | 49% | |
| **Estate of Jasper B. Sanfilippo**<br>1703 North Randall Road<br>Elgin, IL 60123 | Common Shares | 2% | |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **January 30, 2023**

Signature **/s/ Brad Walker**
**Brad Walker**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Texas

In re  **Navarro Pecan Company, Inc.**

Debtor(s)

Case No.

Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Navarro Pecan Company, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Collin Street Bakery**
**401 W. 7th Avenue**
**Corsicana, TX 75110**

☐ None [*Check if applicable*]

**January 30, 2023**
Date

**/s/ Joshua N. Eppich**
**Joshua N. Eppich 24050567**
Signature of Attorney or Litigant
Counsel for **Navarro Pecan Company, Inc.**
**Bonds Ellis Eppich Schafer Jones LLP**
**420 Throckmorton Street, Suite 1000**
**Fort Worth, TX 76102**
**817-405-6900 Fax:817-405-6902**
**Joshua@bondsellis.com**