**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NOC, INC., | § | CASE NO. 23-40266-elm11 |
| | § | |
| Debtor.[1] | § | |
| | § | |

**AMENDED PLAN OF LIQUIDATION OF NOC, INC.,
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**BONDS ELLIS EPPICH SCHAFER JONES LLP**
Joshua N. Eppich
Texas Bar I.D. No. 24050567
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com

**COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION**

Dated: June 28, 2023

---

[1] The Debtor's principal address is 4200 South Hulen Street, Suite 680, Fort Worth, Texas 76109.

## Table of Contents

ARTICLE I. DEFINED TERMS, RULES OF INTERPRETATION, CONSTRUCTION OF TERMS, COMPUTATION OF TIME, AND GOVERNING LAW ................................................1

    1.1.    Scope of Defined Terms ................................................1
    1.2.    Defined Terms ................................................1
    1.3.    Rules of Interpretation and Construction of Terms ................................................8
    1.4.    Computation of Time ................................................9
    1.5.    Governing Law ................................................9
    1.6.    Reference to Monetary Figures ................................................9

ARTICLE II. ADMINISTRATIVE CLAIMS AND PRIORITY CLAIMS ................................................9

    2.1.    Administrative Claims ................................................9
    2.2.    Professional Fee Claims ................................................10
    2.3.    Priority Tax Claims ................................................10

ARTICLE III. CLASSIFICATION ................................................11

ARTICLE IV. TREATMENT ................................................11

    4.1.    Class 1 (Other Priority Claims) ................................................11
    4.2.    Class 2 (Other Secured Claims) ................................................11
    4.3.    Class 3 (Truist Secured Claim) ................................................12
    4.4.    Class 4 (Hillcrest Secured Claims) ................................................12
    4.6.    Class 5 (Unsecured Claims) ................................................12
    4.7.    Class 6 (Interests in the Debtor) ................................................12

ARTICLE V. MEANS FOR EXECUTION OF THE PLAN ................................................13

    5.1.    Formation of Liquidating Trust ................................................13
    5.2.    Assets of the Liquidating Trust ................................................13
    5.3.    Rights and Powers of the Liquidating Trust and the Liquidating Trustee ................................................14
    5.4.    Control of the D&O Causes of Action and D&O Insurance Recoveries ................................................15
    5.5.    Appointment of a Liquidating Trustee ................................................15
    5.6.    Liquidating Trust Distributions ................................................16
    5.7.    Sources of Plan Distributions ................................................16
    5.8.    Cancellation of Existing Securities and Agreements ................................................16
    5.9.    Corporate Action ................................................16
    5.10.    Effectuating Documents; Further Transactions ................................................17
    5.11.    Section 1146 Exemption ................................................17
    5.12.    Liability Insurance ................................................17
    5.13.    Retained Causes of Action ................................................17

ARTICLE VI. EXECUTORY CONTRACTS ................................................18

    6.1.    Assumption and Rejection of Executory Contracts and Unexpired Leases ................................................18

6.2.   Claims Based on Rejection of Executory Contracts or Unexpired Leases ............18
6.3.   Preexisting Obligations to the Debtor under Executory Contracts and Unexpired Leases ................................................................................................................19
6.4.   Reservation of Rights .........................................................................................19
6.5.   Nonoccurrence of Effective Date .......................................................................19

ARTICLE VII. PROVISIONS GOVERNING DISTRIBUTIONS ..................................................19

7.1.   Timing and Calculation of Amounts to Be Distributed .....................................19
7.2.   Delivery of Distributions and Undeliverable or Unclaimed Distributions ...........20
7.3.   Compliance with Tax Requirements ...................................................................20
7.4.   No Post-Petition Interest on Claims ...................................................................21
7.5.   Setoffs and Recoupment ....................................................................................21
7.6.   Claims Paid or Payable by Third Parties ...........................................................21

ARTICLE VIII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS ......................................................................................................22

8.1.   Claims Administration Responsibilities .............................................................22
8.2.   Estimation of Claims ..........................................................................................22
8.3.   Adjustment to Claims without Objection ............................................................22
8.4.   Time to File Objections to Claims .....................................................................22
8.5.   Disallowance of Claims ......................................................................................23
8.6.   Amendments to Claims .......................................................................................23
8.7.   No Distributions Pending Allowance .................................................................23
8.8.   Distributions After Allowance ...........................................................................23

ARTICLE IX. SETTLEMENT, DISCHARGE, AND RELEASE ...............................................23

9.1.   Compromise and Settlement ...............................................................................23
9.2.   Release of Liens .................................................................................................24
9.3.   Exculpation ........................................................................................................25
9.4.   Injunction ...........................................................................................................25
9.5.   Reimbursement or Contribution .........................................................................26
9.6.   Section 524(e) ....................................................................................................26

ARTICLE X. CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN ...............................................................................................................26

10.1.   Conditions Precedent to Confirmation ...............................................................26
10.2.   Conditions Precedent to Effectiveness ...............................................................26
10.3.   Waiver of Conditions .........................................................................................26
10.4.   Effect of Failure of Conditions ..........................................................................26

ARTICLE XI. RETENTION OF COURT JURISDICTION .......................................................27

11.1.   Retention of Court Jurisdiction ..........................................................................27

ARTICLE XII. MODIFICATION AND REVOCATION OF THE PLAN ...................................29

    12.1.    Immediate Binding Effect ......................................................................................29
    12.2.    Modification of the Plan ........................................................................................29
    12.3.    Revocation or Withdrawal of the Plan ..................................................................29

ARTICLE XIII. MISCELLANEOUS PROVISIONS ..................................................................30

    13.1.    Payment of Statutory Fees ....................................................................................30
    13.2.    Governing Law. .....................................................................................................30
    13.3.    Corporate Action ...................................................................................................30
    13.4.    Severability of Plan Provisions .............................................................................30
    13.5.    Successors and Assigns .........................................................................................30
    13.6.    Reservation of Rights ............................................................................................30
    13.7.    Further Assurances ................................................................................................31
    13.8.    Notice and Service of Documents .........................................................................31
    13.9.    Conflicts ................................................................................................................31
    13.10.  Plan Supplement ...................................................................................................31
    13.11.  Determination of Tax Liability .............................................................................32
    13.12.  Post-Effective Date Fees and Expenses ...............................................................32
    13.13.  Entire Agreement ..................................................................................................32
    13.14.  Closing of the Case ...............................................................................................32
    13.15.  Change of Control Provisions ...............................................................................32
    13.16.  Votes Solicited in Good Faith ..............................................................................32
    13.17.  Substantial Consummation. ..................................................................................32
    13.18.  No Admission Against Interest .............................................................................32
    13.19.  Post-Confirmation Notice .....................................................................................32

## INTRODUCTION

Pursuant to Section 1121(c) of the Code, the Debtor respectfully proposes this Plan for the resolution of the outstanding Claims against, and Interests in, the Debtor. The Plan is a plan of liquidation and contemplates the winding up of the Debtor. The Debtor is a proponent of the Plan within the meaning of Section 1129 of the Code. Reference is made to the Disclosure Statement, distributed contemporaneously with this Plan, for a discussion of the Debtor's history, assets, and operations; a summary and analysis of this Plan; and certain related matters.

Nothing contained herein shall constitute an offer, an acceptance, or a legally binding obligation of any party in interest. This Plan is subject to approval of the Court and other customary conditions. This Plan is not an offer with respect to any securities. This is not a solicitation of acceptances or rejections of the Plan. Acceptances or rejections with respect to this Plan may not be solicited until a disclosure statement has been approved by the Court in accordance with Section 1125 of the Code. Such a solicitation will only be made in compliance with applicable provisions of securities and bankruptcy laws. YOU SHOULD NOT RELY ON THE INFORMATION CONTAINED IN, OR THE TERMS OF, THIS PLAN FOR ANY PURPOSE PRIOR TO THE CONFIRMATION OF THIS PLAN BY THE COURT.

ALL HOLDERS OF CLAIMS, TO THE EXTENT APPLICABLE, ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY.

## ARTICLE I.
## DEFINED TERMS, RULES OF INTERPRETATION, CONSTRUCTION OF TERMS, COMPUTATION OF TIME, AND GOVERNING LAW

1.1.    <u>Scope of Defined Terms.</u> For purposes of the Plan, the following terms shall have the meanings set forth below unless the context clearly requires otherwise. Any term used but not defined in this Plan that is defined in the Code or Bankruptcy Rules as the case may be, shall have the meaning ascribed in the Code or Bankruptcy Rules. Whenever the context requires, such terms shall include the plural as well as the singular. The masculine gender shall include the feminine and the feminine gender shall include the masculine.

1.2.    <u>Defined Terms.</u>

1.2.1.    **<u>Administrative Claim</u>**: means a Claim for payment of an administrative expense of a kind specified in Section 503(b) of the Code and entitled to priority in payment under Sections 507(a)(2), 507(b) or 1114(e)(2) of the Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of the Debtor (such as wages and salaries or commissions for services and payments for goods and other services and leased premises); (b) any indebtedness or obligations incurred or assumed by the Debtor after the Petition Date in the ordinary course of business in connection with the conduct of its business; (c) any Professional Fee Claims incurred before the Effective Date; (d) all fees and charges assessed against the Estate under Chapter 123 of title 28 of the United States Code, Sections 1911–30; (e) obligations designated as Allowed Administrative Claims pursuant to an order of the Court and (f) Claims under Section 503(b)(9) of the Code.

1.2.2. **Administrative Claim Bar Date**: means the first Business Day that is thirty (30) days after the Effective Date or such earlier deadline established by an order of the Court.

1.2.3. **Affiliate**: means any specified Person, any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such Person and, with respect to any specified natural Person, any other Person having a relationship by blood, marriage, or adoption not more remote than first cousins with such natural Person. For purposes of this definition, "controlling" (including, with correlative meanings, the terms "controlled by" and "under direct or indirect common control with"), as used with regards to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such Person, whether through the ownership of voting securities, by agreement, or otherwise.

1.2.4. **Allowed**: means, with reference to any Claim, except as otherwise provided in this Plan:

(i)      a Claim (a) that is evidenced by a Proof of Claim that has been timely filed by the Claims Bar Date; and (b) as to which the Debtor or any other party in interest has not timely filed an objection within the applicable period of time fixed by the Plan, the Code, the Bankruptcy Rules, or the Court, or such objection to the Claim has been overruled and the Claim allowed by a Final Order;

(ii)     a Claim (a) that has been scheduled by the Debtor in its Schedules as other than unknown, disputed, contingent, or unliquidated and for which no Proof of Claim has been timely filed; and (b) as to which the Debtor, the Liquidating Trust, or any other party in interest has not timely filed an objection within the applicable period of time fixed by the Plan, the Code, the Bankruptcy Rules, or the Court, or such objection to the Claim has been overruled and the Claim allowed by Final Order;

(iii)    a Claim that has been allowed by a Final Order;

(iv)    a Claim that is allowed (i) in any stipulation with the Debtor concerning the amount and nature of such Claim executed prior to the Confirmation Date and approved by the Court upon proper notice to the Debtor and other parties in interest; (ii) in any stipulation with a Debtor concerning the amount and nature of such Claim executed on or after the Confirmation Date and, to the extent necessary, approved by the Court; or (iii) in any contract, instrument, indenture, or other agreement entered into or assumed pursuant to the Plan;

(v)     a Claim relating to a rejected Executory Contract or Unexpired Lease that (i) is not a Disputed Claim or (ii) has been allowed by a Final Order, in either case only if a Proof of Claim has been timely filed; or

(vi)    a Claim that is allowed pursuant to the terms of the Plan; provided, however, unless otherwise specified in this Plan or by order of the Court, the term "Allowed Claim" shall not, for any purpose under the Plan, include interest, penalties, premiums, or late charges on such Claim from and after the Petition Date.

1.2.5.   **Ballot**: means the applicable form or forms of ballot(s) to be distributed to Holders of Claims entitled to vote on the Plan and on which the acceptance or rejection of the Plan is to be indicated.

1.2.6.   **Bankruptcy Rules**: means the Federal Rules of Bankruptcy Procedure, as amended, or any successor rules.

1.2.7.   **Business Day**: means any day other than a Saturday, Sunday, or a "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

1.2.8.   **Buyer**: means Navarro Pecan Holdings, LLC.

1.2.9.   **Case**: means the chapter 11 case of the Debtor in the Court under Case No. 23-40266-elm11 in the United States Bankruptcy Court for the Northern District of Texas.

1.2.10.   **Cash**: means cash and cash equivalents, including bank deposits, checks, and other similar items in legal tender of the United States of America.

1.2.11.   **Causes of Action**: means all of the Estate's and the Debtor's actions, causes of action, choses in action, liabilities, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and crossclaims, whether known or unknown, reduced to judgment or not reduced to judgment, liquidated or unliquidated, contingent or non-contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Case, through and including the Effective Date, including, but not limited to, the Chapter 5 Causes of Action, any D&O Cause of Action and all causes of action listed in the Schedule of Retained Causes of Action to be filed as part of the Plan Supplement as **Exhibit 3**.

1.2.12.   **Chapter 5 Causes of Action**: means (i) any and all actions that are filed or that may be filed pursuant to the provisions of Sections 502(d), 510(c), 542, 544, 545, 547, 548, 549, 550, 551, and 553 of the Code, or applicable non-bankruptcy law that may be incorporated or brought under the foregoing Sections of the Code or (ii) any other similar actions or proceedings filed to recover property for or on behalf of the Estate or to avoid a lien or transfer.

1.2.13.   **Claim**: means any obligation for which the Debtor or its property is liable and as defined in Sections 101(5) or 102(2) of the Code.

1.2.14.   **Claims Bar Date**: means, (a) with respect to any Entity that is not a Governmental Unit, April 28, 2023, and (b) with respect to a Governmental Unit, August 30, 2023, unless modified by entry of an Order of the Court.

1.2.15.   **Claims Register**: means the official register of Claims for the Case maintained by the Claims Agent.

1.2.16.   **Class**: means a category of Claims or Interests as described in the Plan pursuant to Section 1122(a) of the Code.

1.2.17.  **Claims Agent**: means Epiq Corporate Restructuring, LLC, as the duly appointed claims, noticing, and solicitation agent.

1.2.18.  **Closing**: means the occurrence of those events described in Article XIII of the Plan.

1.2.19.  **Code**: means Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

1.2.20.  **Confirmation**: means the Court's entry of the Confirmation Order on the docket of the Case, subject to all conditions specified in § 10.1 of the Plan having been (a) satisfied or (b) waived pursuant to § 10.3 of the Plan.

1.2.21.  **Confirmation Date**: means the date of a determination by the Court by entry of the Confirmation Order that the Plan satisfies Section 1129 of the Code.

1.2.22.  **Confirmation Hearing**: means the hearing required by Section 1128 of the Code.

1.2.23.  **Confirmation Order**: means the order entered by the Court following the Confirmation Hearing confirming the Plan pursuant to Section 1129 of the Code.

1.2.24.  **Consummation**: means the occurrence of the Effective Date.

1.2.25.  **Court**: means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

1.2.26.  **Creditor**: has the meaning prescribed in Section 101(10) of the Code.

1.2.27.  **D&O Cause(s) of Action**: means a Cause of Action against the Debtor and/or its directors, managers, officers, employees, or other representatives arising from any act or omission, including, but not limited to misconduct, misfeasance, malfeasance, breach of fiduciary duty, breach of duty of loyalty, breach of duty of care, breach of duty of obedience, negligence, gross negligence, fraud or any other intentional tort, and any civil conspiracy or civil RICO claims.

1.2.28.  **D&O Insurance Recovery**: means (a) the right to pursue and receive the benefits and/or proceeds of the D&O Liability Insurance Policies; and (b) the right to pursue and receive recovery from or as a result of any D&O Cause of Action, including, but not limited to, consequential, contractual, extracontractual and/or statutory damages, or other proceeds, distributions, awards, or benefits; and (c) the right to pursue and receive any other recovery related to any D&O Cause of Action.

1.2.29.  **D&O Liability Insurance Policies**: means all unexpired directors,' managers,' and officers' insurance policies (including any "tail policy") of the Debtor with respect to directors, managers, officers, and employees of the Debtor.

1.2.30.  **Debtor**: means NOC, Inc., formerly known as Navarro Pecan Company.

1.2.31. **Disallowed**: means a Claim or an Interest (or portion thereof) that has been disallowed, denied, dismissed, or overruled pursuant to this Plan or a Final Order of the Court or of any other court of competent jurisdiction.

1.2.32. **Disclosure Statement**: means a disclosure statement as described in Section 1125 of the Code and contemporaneously filed with this Plan.

1.2.33. **Disputed Claim**: means any Claim that is not yet Allowed or Disallowed.

1.2.34. **Disputed Claims Reserve**: means a segregated account for the payment of Disputed Claims that become Allowed Claims after the Effective Date, which reserve shall be held in trust and maintained by the Liquidating Trustee for the benefit of the Holders of Disputed Claims whose claims become Allowed.

1.2.35. **Distribution Record Date**: means the date the Confirmation Order is entered by the Court.

1.2.36. **Effective Date**: means as defined in § 10.2 of the Plan.

1.2.37. **Entity**: has the meaning set forth in Section 101(15) of Code.

1.2.38. **Estate**: means the estate created for the Debtor in the Case pursuant to Section 541 of the Code.

1.2.39. **Exculpated Parties**: means, collectively, and in each case, in its capacity as such: (a) the Debtor, (b) the Professionals; and (c) with respect to each of the foregoing, such Entity and its current and former affiliates, and such Entity's and its current and former affiliates' equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date.

1.2.40. **Executory Contract**: means an executory contract or unexpired lease as such terms are used in Section 365 of the Code, including all operating leases, capital leases, and contracts to which the Debtor is a party or beneficiary.

1.2.41. **Final Order**: means an order or judgment, the operation or effect of which is not stayed, as to which order or judgment (or any revision, modification, or amendment of such a Final Order), the time to appeal or seek review or rehearing has expired, and as to which no appeal or petition for review or motion for re-argument has been taken or been made and is pending for argument.

1.2.42. **Governmental Unit**: means any governmental unit, as defined in Section 101(27) of the Code.

1.2.43. **Hillcrest**: means Hillcrest Bank.

1.2.44. **Holder**: means any Entity holding a Claim or an Interest.

1.2.45.  **Impaired**: means, with respect to any Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of Section 1124 of the Code.

1.2.46.  **Insider**: has the meaning set forth in Section 101(31) of the Code.

1.2.47.  **Interest**: means any equity interest in the Debtor including common or preferred stock.

1.2.48.  **Lien**: means a lien, security interest, or other interest or encumbrance as defined in Section 101(37) of the Code.

1.2.49.  **Liquidating Trust**: means the trust described in Article V of the Plan to be established under Texas trust law that will effectuate the wind down of the Debtor and make distributions pursuant to the terms of the Plan and Liquidating Trust Agreement. With respect to any action required or permitted to be taken by the Liquidating Trust, the term includes the Liquidating Trustee or any other person authorized to take such action in accordance with the Liquidating Trust Agreement.

1.2.50.  **Liquidating Trust Agreement**: means the agreement, substantially in the form annexed to the Plan Supplement as **Exhibit 4**, establishing the Liquidating Trust in conformity with the provisions of the Plan, which shall be approved in the Confirmation Order and entered into by the Debtor, on behalf of the beneficiaries, and the Liquidating Trustee by the Effective Date pursuant to the terms of the Plan.

1.2.51.  **Liquidating Trust Assets**: means (i) the Liquidating Trust Funds; (ii) the Causes of Action; (iii) the D&O Liability Insurance Policies; (iv) the Interests; and (v) any proceeds from the sale of the Debtor's tax attributes, each of which shall vest in the Liquidating Trust on the Effective Date. For the avoidance of doubt, the tax attributes themselves shall not be transferred to the Liquidating Trust.

1.2.52.  **Liquidating Trust Funds**: means Cash in the amount of $100,000.00, allocated by Buyer to the Liquidating Trust in connection with the sale of the Debtor's assets pursuant to the Sale Order.

1.2.53.  **Liquidating Trust Interest**: means as defined in the Liquidating Trust Agreement and as described in Article V of this Plan.

1.2.54.  **Liquidating Trustee**: means the person appointed in accordance with Article V of this Plan to administer the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement.

1.2.55.  **Organizational Documents**: means the Debtor's existing documents providing for corporate governance of the Debtor, including charters, bylaws, operating agreements, or other organizational documents, as applicable.

1.2.56.  **Other Priority Claim**: means any Priority Claim that is not (a) an Administrative Claim, (b) a Professional Fee Claim, or (c) a Priority Tax Claim.

1.2.57.  **Other Secured Claim**: means any Secured Claim other than the Secured Claims of Truist and Hillcrest.

1.2.58.  **Person(s)**: has the meaning set forth in Section 101(41) of the Code.

1.2.59.  **Petition Date**: means January 30, 2023.

1.2.60.  **Plan**: means this *Amended Plan of Liquidation of NOC, Inc., Pursuant to Chapter 11 of the Bankruptcy Code* as may be supplemented and/or amended.

1.2.61.  **Plan Supplement**: has the meaning ascribed to it in defined in § 13.10 of this Plan.

1.2.62.  **Priority Claim**: means a Claim entitled to priority of payment under Sections 507(a) and 503(b) of the Code, including Administrative Claims.

1.2.63.  **Priority Tax Claim**: means a Priority Claim of a Governmental Unit of the kind specified in Section 507(a)(8) of the Code.

1.2.64.  **Professional**: means an Entity employed by the Debtor pursuant to a Court order in accordance with Sections 327, 363, or 1103 of the Code.

1.2.65.  **Professional Fee Claims**: means a Claim for compensation or reimbursement of expenses of a Professional incurred on and after the Petition Date and prior to the Effective Date, including fees and expenses incurred in preparing final fee applications and participating in hearings on such applications, and requested in accordance with the provisions of Sections 326, 327, 328, 330, 331, 503(b) or 1103 of the Code.

1.2.66.  **Proof of Claim**: means a proof of Claim filed against the Debtor in this Case by the applicable Claims Bar Date.

1.2.67.  **Sale Order**: means the *Order Granting Amended Motion for the Entry of an Order (A) Authorizing the Sale of Subject Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Granting the Buyer the Protections Afforded to a Good Faith Purchaser, (C) Approving Buyer Protections in Connection with Sale of Assets of the Debtor and (D) Granting Related Relief* [Docket No. 145].

1.2.68.  **Schedule of Assumed Contracts and Leases**: means the schedule of Executory Contracts and Unexpired Leases to be assumed and, if applicable, assigned, by the Debtor, to be filed as part of the Plan Supplement as **Exhibit 1**.

1.2.69.  **Schedule of Rejected Contracts and Leases**: means the schedule of Executory Contracts and Unexpired Leases to be rejected, to be filed as part of the Plan Supplement as **Exhibit 2**.

1.2.70.  **Schedule of Retained Causes of Action**: means the schedule of retained causes of action, to be filed as part of the Plan Supplement as **Exhibit 3**.

1.2.71.  **Schedules**: means the schedules of assets and liabilities, the list of Holders of Interest, and the statements of financial affairs filed by the Debtor in accordance with Section 521 of the Code, Bankruptcy Rule 1007, and the Official Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended or supplemented on or prior to the Confirmation Date.

1.2.72.  **Secured Claim**: means a Claim: (a) secured by a Lien on property in which the Estate has an interest, which Lien is valid, perfected, and enforceable under applicable law or by reason of a Final Order, or that is subject to setoff under Section 553 of the Code, to the extent of the value of the Holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to Section 506(a) of the Code or (b) otherwise Allowed pursuant to the Plan as a Secured Claim.

1.2.73.  **Securities Act**: means the Securities Act of 1933, as amended.

1.2.74.  **Solicitation**: means solicitation in accordance with the Solicitation Order of votes under the Plan.

1.2.75.  **Solicitation Materials**: means the Disclosure Statement (including all exhibits and appendices), Ballot, and any other materials to be used in the Solicitation of votes on the Plan.

1.2.76.  **Solicitation Order**: means the *Order Granting Debtor's Motion for Entry of an Order for (i) Conditional Approval of a Disclosure Statement; (ii) Approval of Solicitation Procedures for Forms of Ballots and Notices; and (iii) Scheduling a Joint Hearing to Consider Final Approval of the Adequacy of the Disclosure Statement and Confirmation of a Proposed Plan*, which is at Docket No. 217 and conditionally approved the Disclosure Statement and approved the Debtor's Solicitation.

1.2.77.  **Truist**: means Truist Bank.

1.2.78.  **Unexpired Lease**: means a lease to which the Debtor is a party that is subject to assumption or rejection under Section 365 of the Code.

1.2.79.  **Unimpaired**: means a Claim or Interest that is unimpaired within the meaning of Section 1124 of the Code.

1.2.80.  **Unsecured Claim**: means any Claim that is not a Priority Claim or a Secured Claim.

1.3.      Rules of Interpretation and Construction of Terms. For purposes of the Plan: (i) any reference in the Plan to an existing document or exhibit filed or to be filed means that document or exhibit as it may have been or may be amended, supplemented, or otherwise modified; (ii) unless otherwise specified, all references in the Plan to sections, articles, and exhibits are references to sections, articles, or exhibits of the Plan; (iii) the words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan in its entirety and not to any particular portion of the Plan; (iv) captions and headings contained in the Plan are inserted for convenience and reference only and are not intended to be part of or to affect the interpretation of the Plan; (v) wherever appropriate from the context, each term stated in either the singular or the

plural includes the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter gender; (vi) unless otherwise specified, all references in the Plan to exhibits are references to the exhibits in the Plan Supplement; (vii) any reference to an Entity as a Holder of a Claim or Interest includes the Entity's successors and assigns; (viii) any reference to docket numbers of documents filed in the Case are references to docket numbers under the Court's CM/ECF system; and (ix) the rules of construction outlined in Section 102 of the Code and in the Bankruptcy Rules apply to the Plan.

1.4.    <u>Computation of Time.</u> Unless otherwise specifically provided herein, in computing any period, date, or deadline prescribed or allowed in the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply. If the date on which a transaction may or must occur pursuant to the Plan shall occur on a day that is not a Business Day, then such transaction shall instead occur on the next succeeding Business Day.

1.5.    <u>Governing Law.</u> Subject to the provisions of any contract, certificate of incorporation, by-law, instrument, release, or other agreement or document entered into in connection with the Plan, the rights and obligations arising pursuant to the Plan shall be governed by, and construed and enforced in accordance with, applicable federal law, including the Code and Bankruptcy Rules.

1.6.    <u>Reference to Monetary Figures.</u> All references in the Plan to monetary figures shall refer to currency of the United States of America, unless otherwise expressly provided.

**ARTICLE II.**
**ADMINISTRATIVE CLAIMS AND PRIORITY CLAIMS**

In accordance with Section 1123(a)(1) of the Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and, thus, are excluded from the Classes of Claims and Interests set forth in Article III of the Plan.

2.1.    <u>Administrative Claims.</u> Except to the extent that a Holder of an Allowed Administrative Claim and the Debtor or the Liquidating Trust, as applicable, agree to less favorable treatment for such Holder, each holder of an Allowed Administrative Claim (other than holders of Professional Fee Claims and Claims for fees and expenses pursuant to Section 1930 of Chapter 123 of Title 28 of the United States Code) will receive in full and final satisfaction of its Administrative Claim an amount of Cash equal to the amount of such Allowed Administrative Claim in accordance with the following: (i) if an Administrative Claim is Allowed on or prior to the Effective Date, on the Effective Date, or as soon as reasonably practicable after the Effective Date (or, if not then due, when such Allowed Administrative Claim is due or as soon as reasonably practicable thereafter); or (ii) if such Administrative Claim is not Allowed as of the Effective Date, no later than ten (10) days after the date on which an order allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter; (iii) at such time and upon such terms as may be agreed upon by such holder and the Debtor or Liquidating Trust, as applicable; and (iv) at such time and upon such terms as set forth in an order of the Court.

Except for Professional Fee Claims, unless previously filed, requests for payment of Administrative Claims must be filed and served on the Debtor or the Liquidating Trust no later

than the Administrative Claim Bar Date. Objections to such requests must be filed and served on the Debtor or the Liquidating Trust and the requesting party by the later of (i) thirty (30) days after the Effective Date and (ii) thirty (30) days after the Filing of the applicable request for payment of the Administrative Claims, if applicable. After notice and a hearing in accordance with the procedures established by the Code and prior Court orders, the Allowed amounts, if any, of Administrative Claims shall be determined by, and satisfied in accordance with an order of, the Court.

Holders of Administrative Claims that are required to file and serve a request for such payment of such Administrative Claims that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtor, the Liquidating Trust, or its property, and such Administrative Claims shall be deemed discharged as of the Effective Date without the need for any objection from the Liquidating Trust or any action by the Court.

2.2.     Professional Fee Claims.

2.2.1.    Final Fee Applications and Payment of Professional Fee Claims. All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be filed and served on the Debtor or the Liquidating Trust, as appropriate, the U.S. Trustee and their counsel no later than thirty (30) days after the Effective Date, unless otherwise ordered by the Court. Objections to applications of such Professionals or other entities for compensation or reimbursement of expenses must be filed and served on the U.S. Trustee, Debtor, or Liquidating Trust and their counsel, and the requesting Professional or other entity no later than twenty-one (21) days (or such longer period as may be allowed by order of the Court) after the date on which the applicable application for compensation or reimbursement was served. The Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Court. The Liquidating Trust shall pay Professional Fee Claims in Cash in the amount the Court allows by Final Order.

2.2.2.    Post-Effective Date Fees and Expenses. Except as otherwise specifically provided in the Plan, from and after the Effective Date, the Liquidating Trust shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses related to implementation of the Plan and Consummation. Upon the Effective Date, any requirement that Professionals comply with Sections 327 through 331, 363, and 1103 of the Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtor and/or the Liquidating Trust may employ and pay any Professional in the ordinary course of business without any further notice, action, order, or approval of the Court.

2.3.     Priority Tax Claims. Except to the extent that a Holder of an Allowed Priority Tax Claim and the Debtor or Liquidating Trust, as applicable, against which such Allowed Priority Tax Claim is asserted agree to less favorable treatment for such Holder, each Holder of an Allowed Priority Tax Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Priority Tax Claim, treatment in a manner consistent with Section 1129(a)(9)(C) of the Code.

## ARTICLE III.
## CLASSIFICATION

Claims and Interests shall be classified as follows:

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 3 | Truist Secured Claim | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 4 | Hillcrest Secured Claim | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | Unsecured Claims | Impaired | Entitled to Vote |
| Class 6 | Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

## ARTICLE IV.
## TREATMENT

Claims against the Debtor and Interests in the Debtor shall receive the following treatment:

4.1. <u>Class 1 (Other Priority Claims).</u> Class 1 consists of any Allowed Other Priority Claims against the Debtor. Each Holder of a Class 1 Claim will be paid on the later of: (i) the Effective Date or as soon as practicable thereafter or (ii) if such Claim is not Allowed as of the Effective Date, no later than ten (10) days after the date on which an order allowing such Claim becomes a Final Order, or as soon as reasonably practicable thereafter. Except to the extent that a Holder of a Class 1 Claim and the Debtor or Liquidating Trust agree to less favorable treatment for such Holder, each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for of such Claim, one of the following treatments, in the sole discretion of the Debtor or Liquidating Trust: (i) full payment in cash of its Allowed Priority Claim or (ii) treatment of its Allowed Priority Claim in a manner that leaves such Claim Unimpaired. The Holders of Claims in Class 1 are Unimpaired. In accordance with Section 1126(f) of the Code, the Holders of these Claims are conclusively presumed to accept this Plan and are not entitled to vote to accept or reject this Plan, and the votes of such Holders will not be solicited.

4.2. <u>Class 2 (Other Secured Claims).</u> Class 2 consists of any Allowed Other Secured Claims against the Debtor. Class 2 shall contain separate subclasses for each Other Secured Claim against the Debtor. Except to the extent that a Holder of an Allowed Other Secured Claim and the Debtor or Liquidating Trust agree to less favorable treatment, each Holder of an Allowed Other Secured Claim shall, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange of such Allowed Other Secured Claim, be paid cash in an amount equal to the Allowed amount of such Claim as determined in accordance with Section 506(a) of the Code on the Effective Date or as soon thereafter as practicable, or receive the Collateral securing its

Allowed Other Secured Claim on the Effective Date or as soon after the Effective Date as practicable. Notwithstanding any other provision in this § 4.2 of the Plan, any Holder of a Class 2 Claim may agree to any treatment of such Claim, which treatment may include preservation of such Holder's Lien; provided that such treatment shall not provide a return to such Holder, by reason of such Class 2 Claim, having a present value in excess of the amount of such Secured Claim. The Holders of Claims in Class 2 are Unimpaired. In accordance with Section 1126(f) of the Code, the Holders of these Claims are conclusively presumed to accept this Plan and not entitled to vote to accept or reject this Plan, and the votes of such Holders will not be solicited.

4.3.       **Class 3 (Truist Secured Claim).** Class 3 consists of the Secured Claim of Truist against the Debtor. Truist shall, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for its Truist Secured Claim, receive the treatment set forth in the Sale Order, including the waiver by Truist of any deficiency claim relating to the Truist Secured Claim. Truist is the Holder of Claims in Class 3 is Unimpaired. In accordance with Section 1126(f) of the Code, Truist as the Holder of Claims in Class 3 is conclusively presumed to accept this Plan and is not entitled to vote to accept or reject this Plan, and the vote of Truist as the Holder of Claims in Class 3 will not be solicited.

4.4.       **Class 4 (Hillcrest Secured Claims).** Class 4 consists of the Secured Claim of Hillcrest against the Debtor. Hillcrest shall, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for its Hillcrest Secured Claim, receive the treatment set forth in the Sale Order. Hillcrest as the Holder of Claims in Class 4 is Unimpaired. In accordance with Section 1126(f) of the Code, Hillcrest as the Holder of Claims in Class 4 is conclusively presumed to accept this Plan and is not entitled to vote to accept or reject this Plan, and the vote of Hillcrest as the Holder of Claims in Class 4 will not be solicited.

4.5.       **Class 5 (Unsecured Claims).** Class 5 consists of any Allowed Unsecured Claims against the Debtor. Except to the extent that a Holder of a Class 5 Claim and the Debtor agree to less favorable treatment for such Holder, each Holder of an Allowed Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange of such Claim, periodic pro rata distributions from the Liquidating Trust as beneficiaries of the Liquidating Trust. The Holders of Claims in Class 5 are Impaired. In accordance with Section 1126(f) of the Code, the Holders of these Claims are entitled to vote to accept or reject this Plan, and the votes of such Holders will be solicited.

4.6.       **Class 6 (Interests in the Debtor).** Class 6 consists of the Holders of Interests in the Debtor. The Class 6 Holders of Interests shall not receive or retain any Property under this Plan. On the Effective Date, all Interests in the Debtor will be transferred to the Liquidating Trust. The Holders of Interests in Class 6 are fully Impaired. In accordance with Section 1126(f) of the Code, the Holders of these Interests are conclusively presumed to reject this Plan and are not entitled to vote to accept or reject this Plan, and the votes of such Holders will not be solicited.

## ARTICLE V.
## MEANS FOR EXECUTION OF THE PLAN

5.1.    <u>Formation of Liquidating Trust.</u>

5.1.1.  On the Effective Date, the Liquidating Trust shall be established pursuant to the Liquidating Trust Agreement for the purpose of, among other things, (i) investigating and, if appropriate, pursuing Causes of Action (ii) administering and pursuing the Liquidating Trust Assets, (iii) resolving all Disputed Claims, (iv) making all distributions from the Liquidating Trust as provided for in the Plan and Liquidating Trust Agreement, and (v) winding up the Debtor following the Effective Date. The Liquidating Trust Agreement is incorporated in this Plan in full and is made a part of this Plan as if set forth in this Plan.

5.1.2.  Upon execution of the Liquidating Trust Agreement, the Debtor and Liquidating Trustee shall be authorized to take all steps necessary to complete the formation of the Liquidating Trust; provided, that, prior to the Effective Date, the Debtor or Liquidating Trustee, as applicable, may act as organizers of the Liquidating Trust and take such steps in furtherance of the Liquidating Trust as may be necessary, useful or appropriate under applicable law to ensure that the Liquidating Trust shall be formed and in existence as of the Effective Date. The Liquidating Trust shall be administered by the Liquidating Trustee in accordance with the Liquidating Trust Agreement. The Liquidating Trust shall have authority to incur indebtedness in furtherance of its objectives.

5.1.3.  It is intended that the Liquidating Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulations Section 301.7701-4(d) and as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code. In furtherance of this objective, the Liquidating Trustee shall, in its business judgment, make continuing best efforts not to unduly prolong the duration of the Liquidating Trust. All Assets transferred to the Liquidating Trust on the Effective Date shall be deemed for federal income tax purposes to have been distributed by the Debtor on a pro rata basis to Class 5 Holders of Allowed Unsecured Claims and then contributed by such Holders to the Liquidating Trust in exchange for the Liquidating Trust Interests. All Class 5 Holders of Allowed Unsecured Claims have agreed to use the valuation of the Assets transferred to the Liquidating Trust as established by the Liquidating Trustee for all federal income tax purposes. The beneficiaries under the Liquidating Trust will be treated as the deemed owners of the Liquidating Trust. The Liquidating Trust will be responsible for filing information on behalf of the Liquidating Trust as grantor trust pursuant to Treasury Regulation Section 1.671-4(a).

5.2.    <u>Assets of the Liquidating Trust.</u> On the Effective Date, or as soon as reasonably practicable after the Effective Date, the Debtor will transfer and assign to the Liquidating Trust the Liquidating Trust Assets, which shall be deemed vested in the Liquidating Trust. On and after the Effective Date, the Liquidating Trustee shall have discretion with respect to the timing of the transfers of Liquidating Trust Assets. The Liquidating Trust will hold and administer, among other things, (i) all of the Debtor's cash in bank account(s) and (ii) the Disputed Claims Reserve.

5.3.    Rights and Powers of the Liquidating Trust and the Liquidating Trustee.

5.3.1.  The Liquidating Trustee shall be deemed the Estate's representative in accordance with Section 1123 of the Code and shall have all the rights and powers set forth in the Liquidating Trust Agreement, including, without limitation, the powers of a trustee under Sections 704 and 1106 of the Code and Rule 2004 of the Bankruptcy Rules, including without limitation, the right to (i) effect all actions and execute all agreements, instruments, and other documents necessary to implement the provisions of the Plan and Liquidating Trust Agreement; (ii) prosecute, settle, abandon, or compromise any Causes of Action without the need of Court approval; (iii) make distributions contemplated by the Plan and the Liquidating Trust Agreement, (iv) establish and administer any necessary reserves for Disputed Claims that may be required; (v) object to Disputed Claims and prosecute, settle, compromise, withdraw, or resolve in any manner approved by the Court such objections; (vi) employ and compensate professionals (including professionals previously retained by the Debtor), provided, however, that any such compensation shall be made only out of the Liquidating Trust Assets; and (vii) file all federal, state and local tax returns if necessary.

5.3.2.  On and after the Effective Date, the Liquidating Trust shall assume any outstanding responsibility of the Debtor under the Plan and shall have the authority to adopt any other agreements, documents, and instruments and to take any other actions contemplated under the Plan as necessary to consummate the Plan. The actions to implement the Plan may include: (i) the execution and delivery of appropriate agreements or other documents containing terms that are consistent with the terms of the Plan and that satisfy the applicable requirements of applicable law; (ii) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan and having other terms for which the applicable parties agree; and (iii) the filing of appropriate certificates or articles pursuant to applicable state or provincial law. The Confirmation Order shall, and shall be deemed to, pursuant to Sections 363 and 1123 of the Code, authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, contemplated by, or necessary to effectuate, the Plan.

5.3.3.  The Liquidating Trustee shall have the full authority to take any steps necessary to administer the Liquidating Trust Agreement, including without limitation, the duty and obligation to liquidate Liquidating Trust Assets, to make distributions from the Liquidating Trust Assets in accordance with the provisions of this Plan and to pursue, settle, or abandon any Causes of Action all in accordance with the Liquidating Trust Agreement.

5.3.4.  On the Effective Date, the Liquidating Trust or Liquidating Trustee, as applicable, shall be deemed to be substituted as the party to any litigation in which the Debtor is a party, including (but not limited to) (i) pending contested matters or adversary proceedings in the Court, (ii) any appeals of orders of the Court, and (iii) any state court or federal or state administrative proceedings pending as of the Petition Date. The Liquidating Trustee and its professionals are not required to, but may, take such steps as are appropriate to provide notice of such substitution.

5.3.5.  On or before the Effective Date, the Debtor shall transfer to the Liquidating Trustee the Debtor's evidentiary privileges, including the attorney/client privilege, solely as they relate to Causes of Action. The Plan shall be considered a motion pursuant to Sections 105, 363 and 365 of

the Code for such relief. Upon such transfer, the Debtor and the Estate shall have no other further rights or obligations with respect thereto.

5.3.6. On the Effective Date, each Class 5 Holder of an Allowed Unsecured Claim shall, by operation of the Plan, receive its pro rata share of the Liquidating Trust Interests. Liquidating Trust Interests shall be reserved for Class 5 Holders of Disputed Unsecured Claims and issued by the Liquidating Trust to, and held by, the Liquidating Trustee in, the Disputed Claims Reserve pending allowance or disallowance of such Disputed Unsecured Claims. No other entity, shall have any interest, legal, beneficial, or otherwise, in the Liquidating Trust, its assets, or Causes of Action upon their assignment and Transfer to the Liquidating Trust.

5.3.7. In accordance with § 5.2 of this Plan, the Liquidating Trust Interests shall be uncertificated and shall be non-transferable except upon death of the Holder or by operation of law. Holders of Liquidating Trust Interests, in such capacity, shall have no voting rights with respect to such Interests. The Liquidating Trust shall have a term of five (5) years from the Effective Date, without prejudice to extend such term conditioned upon the Liquidating Trust not becoming subject to the Securities Exchange Act of 1934 (as now in effect or later amended).

5.4. <u>Control of the D&O Causes of Action and D&O Insurance Recoveries.</u> The right to control the D&O Causes of Action and all D&O Insurance Recoveries, including related negotiations and settlements, shall be vested in the Liquidating Trust on and after the Effective Date. Notwithstanding the foregoing, the Debtor shall cooperate with the Liquidating Trustee in pursuing the D&O Causes of Action and D&O Liability Insurance Policies through such means and shall provide reasonable access to personnel and books and records of the Debtor relating to the D&O Causes of Action and D&O Liability Insurance Policies to representatives of the Liquidating Trust to enable the Liquidating Trustee to perform the Liquidating Trustee's tasks under the Liquidating Trust Agreement and the Plan. Nothing in this paragraph nor the Plan limits, excuses, or in any way affects or impairs any coverage to which the current and/or former officers and directors are entitled to with respect to any and all D&O Liability Insurance Policies or other applicable insurance policies of the Debtor.

5.5. <u>Appointment of a Liquidating Trustee.</u>

5.5.1. The initial Liquidating Trustee shall be Daniel Sherman. The appointment of the Liquidating Trustee shall be approved by the Confirmation Order and such appointment shall be effective on the Effective Date. The Liquidating Trustee shall have and perform all of the duties, responsibilities, rights, and obligations set forth in the Liquidating Trust Agreement.

5.5.2. The Liquidating Trustee shall serve pursuant to the terms of the Liquidating Trust Agreement and Plan. Any successor Liquidating Trustee shall be designated by the previous Liquidating Trustee or Court.

5.5.3. The Liquidating Trustee and his/her professionals shall be exculpated and indemnified pursuant to and in accordance with the terms of the Plan and Liquidating Trust Agreement.

5.6.        Liquidating Trust Distributions.

5.6.1.  Interim Distributions. The Liquidating Trustee may make interim distributions: (i) to Holders of the Liquidating Trust Interests solely in accordance with this Plan and the Liquidating Trust Agreement and (ii) from the Disputed Claims Reserve.

5.6.2.  Final Distributions. The Liquidating Trust shall be dissolved and its affairs wound up and the Liquidating Trustee shall make the final distributions upon the earlier of (i) the date which is five (5) years after the Effective Date and (ii) that date when, (A) in the reasonable judgment of the Liquidating Trustee, substantially all of the Liquidating Trust Assets have been liquidated and there are no substantial potential sources of additional cash for distribution and (B) there remain no substantial Disputed Unsecured Claims. Notwithstanding the foregoing, on or prior to a date not less than three (3) months prior to such termination, the Court, upon motion by a party in interest, may extend the term of the Liquidating Trust for one or more finite terms based upon the particular facts and circumstances at that time, if an extension is necessary to the liquidating purpose of the Liquidating Trust. The date on which the Liquidating Trustee determines that all obligations under the Plan and the Liquidating Trust Agreement have been satisfied is referred to as the "Trust Termination Date." On the Trust Termination Date, the Liquidating Trustee shall promptly request the Court enter an order closing the Case (unless this has already been done).

5.6.3.  After final distributions have been made in accordance with the terms of the Plan and the Liquidating Trust Agreement, if the amount of remaining cash is less than $1,000, the Liquidating Trustee, may donate such amount to a charity.

5.7.        Sources of Plan Distributions. Distributions under the Plan shall be funded with the Liquidating Trust Assets.

5.8.        Cancellation of Existing Agreements. On the Effective Date, all notes, instruments, and other documents evidencing Claims, including credit agreements and indentures, shall be cancelled and the obligations of the Debtor relating to such instruments shall be deemed satisfied in full, cancelled, discharged, and of no force or effect. Holders of or parties to such cancelled instruments and other documentation will have no rights arising from or relating to such instruments and other documentation, except the rights provided for pursuant to the Plan.

5.9.        Corporate Action. On the Effective Date, all actions contemplated under the Plan shall be deemed authorized and approved in all respects. All matters provided for in the Plan involving the corporate structure of the Debtor and any corporate action required by the Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the security holders, directors, or officers of the Debtor. As applicable, on or prior to the Effective Date, the appropriate officers of the Debtor shall be authorized and directed to issue, execute, and deliver the agreements, documents, and instruments contemplated under the Plan (or necessary or desirable to give effect to the transactions contemplated under the Plan). The authorizations and approvals contemplated by Article V of the Plan shall be effective notwithstanding any requirements under non-bankruptcy law.

5.10.    <u>Effectuating Documents; Further Transactions.</u> On and after the Effective Date, the Liquidating Trust and/or the Liquidating Trustee are authorized to and may issue, execute, deliver, file, or record such contracts, securities,instruments, releases, and other agreements or documents and take such actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

5.11.    <u>Section 1146 Exemption.</u> To the fullest extent permitted by Section 1146(a) of the Code, any transfers (whether from the Debtor to the Liquidating Trust or any other Person) of property under the Plan or pursuant to: (i) the issuance, distribution, transfer, or exchange of any debt, equity interest, or other interest in the Debtor; (ii) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (iii) the making, assignment, or recording of any lease or sublease; or (iv) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(c) of the Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

5.12.    <u>Liability Insurance.</u> On or before the Effective Date, the Debtor shall obtain liability insurance coverage for the Liquidating Trust following the Effective Date.

5.13.    <u>Retained Causes of Action.</u> Except as otherwise provided in the Plan, or in any contract, instrument, release, or other agreement entered into in connection with the Plan, in accordance with Section 1123(b)(3) of the Code, the Liquidating Trust shall have the exclusive right, authority, and discretion to (without further order of the Court) determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw, or litigate to judgment any and all Causes of Action that the Debtor or Estate may hold against any Entity, whether arising before or after the Petition Date.  The Debtor reserves and shall retain the foregoing Causes of Action notwithstanding the rejection of any Executory Contract or Unexpired Lease during the Case.

Unless a Cause of Action is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order of the Court, the Debtor expressly reserves such Cause of Action (including any counterclaims) for later adjudication by the Liquidating Trust. Therefore,

no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Causes of Action (including counterclaims) by virtue of Confirmation of the Plan.

## ARTICLE VI.
## EXECUTORY CONTRACTS

6.1.    <u>Assumption and Rejection of Executory Contracts and Unexpired Leases.</u> On the Effective Date, except as otherwise provided in this Plan, all Executory Contracts or Unexpired Leases (i) included in the Schedule of Rejected Contracts and Leases, (ii) not previously assumed by the Debtor by Final Order of the Court, or (iii) not included in a motion to assume pending on the Confirmation Date, will be deemed rejected in accordance with the provisions and requirements of Sections 365 and 1123 of the Code.

Such automatic rejection shall be effective without the need for any further notice to or action, order, or approval of the Court, in accordance with the provisions and requirements of Sections 365 and 1123 of the Code, other than any Executory Contracts and/or Unexpired Leases that: (i) have been previously assumed, assumed and assigned, or rejected pursuant to a Court order; (ii) are the subject of a motion to assume, assume and assign, or reject such Executory Contract or Unexpired Leases (or of a filed objection with respect to the proposed assumption, assumption and assignment, or rejection of such Executory Contract or Unexpired Leases) that is pending on the Effective Date; or (iii) are a contract, release, or other agreement or document entered into in connection with the Plan or the sale of the Debtor's assets pursuant to the Sale Order. Entry of the Confirmation Order shall constitute an order of the Court approving the assumptions, assumptions and assignments, or rejections of the Executory Contracts and/or Unexpired Leases as set forth in this Plan or the Schedule of Assumed Contracts and Leases, pursuant to Sections 365(a) and 1123 of the Code. Except as otherwise specifically set forth in this Plan, assumptions or rejections of Executory Contracts and/or Unexpired Leases pursuant to this Plan are effective as of the Effective Date. Any motions to reject Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by the Court on or after the Effective Date by a Final Order. Notwithstanding anything to the contrary in the Plan, the Debtor reserves the right to alter, amend, modify, or supplement the Schedule of Rejected Contracts and Leases at any time through and including the Effective Date.

6.2.    <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases.</u> Unless otherwise provided by a Final Order of the Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be filed with the Court within thirty (30) days after the later of (i) the date of entry of an order of the Court (including the Confirmation Order) approving such rejection, (ii) the effective date of such rejection, (iii) the Effective Date, or (iv) the date after the Effective Date that the applicable Schedules are altered, amended, modified, or supplemented, but only with respect to any Executory Contract or Unexpired Lease affected. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Court within such time will be automatically Disallowed, forever barred from assertion, and shall not be enforceable against the Debtor or the Liquidating Trust, the Estate, or their property without the need for any objection by the Liquidating Trust or further notice to, or action, order, or approval of the Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or

Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary. All Allowed Claims arising from the rejection of the Debtor's Executory Contracts or Unexpired Leases shall be classified as Unsecured Claims and shall be treated in accordance with § 4.6 of the Plan.

6.3. <u>Preexisting Obligations to the Debtor under Executory Contracts and Unexpired Leases.</u> Rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed to the Debtor under such Executory Contracts or Unexpired Leases. In particular, notwithstanding any non-bankruptcy law to the contrary, the Liquidating Trust expressly reserves and does not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties or continued maintenance obligations on goods previously purchased by the Debtor contracting from non-Debtor counterparties to rejected Executory Contracts or Unexpired Leases.

6.4. <u>Reservation of Rights.</u> Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Schedule of Rejected Contracts and Leases, nor anything contained in the Plan, shall constitute an admission by the Debtor that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that the Debtor has any liability under such Executory Contract. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtor or Liquidating Trust, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter its treatment of such contract or lease under the Plan.

6.5. <u>Nonoccurrence of Effective Date.</u> In the event that the Effective Date does not occur, the Court shall retain jurisdiction with respect to any request to extend the deadline for assuming or rejecting Executory Contracts and Unexpired Leases pursuant to Section 365(d)(4) of the Code.

## ARTICLE VII.
## PROVISIONS GOVERNING DISTRIBUTIONS

7.1. <u>Timing and Calculation of Amounts to Be Distributed.</u> Unless otherwise provided in the Plan and/or the Liquidating Trust Agreement, on the Effective Date or as soon as reasonably practicable after the Effective Date (or if a Claim is not an Allowed Claim on the Effective Date, on the date that such Claim becomes an Allowed Claim or as soon as reasonably practicable after such date), each holder of an Allowed Claim shall receive the distributions that the Plan provides for Allowed Claims in the applicable Class. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day but shall be deemed to have been completed as of the required date. If and to the extent that there are Disputed Claims, distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in Article VIII of the Plan. Except as otherwise provided in the Plan, holders of Claims shall not be entitled to interest, dividends, or accruals on the distributions provided for in the Plan, regardless of whether such distributions are delivered on or at any time after the Effective Date.

7.2.     Delivery of Distributions and Undeliverable or Unclaimed Distributions.

7.2.1.   Record Date for Distribution. As of the close of business on the Distribution Record Date, the register for each of the Classes of Claims as maintained by the Debtor shall be closed, and the Debtor, or its agents, shall not be required to make any further changes in the record holders of any of the Claims. The Debtor or Liquidating Trust shall have no obligation to recognize any transfer of the Claims occurring on or after the Distribution Record Date. The Debtor or the Liquidating Trust shall be entitled to recognize and deal for all purposes under this Plan only with those record holders stated on the Debtor's transfer ledgers as of the close of business on the Distribution Record Date to the extent applicable.

7.2.2.   Delivery of Distributions in General. Except as otherwise provided in this Plan, the Debtor or the Liquidating Trust shall make distributions to holders of Allowed Claims as of the Distribution Record Date at the address for each such holder as indicated on the Debtor's records as of the date of any such distribution; provided, however, that the manner of such distributions shall be determined at the discretion of the Liquidating Trust; provided further, however, that the address for each holder of an Allowed Claim shall be deemed to be the address set forth in any Proof of Claim filed by that holder.

7.2.3.   Undeliverable Distributions and Unclaimed Property. In the event that any distribution to any holder of Allowed Claims is returned as undeliverable, no distribution to such holder shall be made unless and until the Liquidating Trust has determined the then-current address of such holder, at which time such distribution shall be made to such holder without interest; provided, however, that such distributions shall be deemed unclaimed property under Section 347(b) of the Code at the expiration of one year from the Effective Date. After such date, all unclaimed property or interests in property shall revert to the Liquidating Trust automatically and without need for a further order by the Court (notwithstanding any applicable federal, provincial or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any holder of Claims to such property shall be discharged and forever barred.

7.2.4.   De Minimis Distributions as to Allowed Class 5 General Unsecured Claims. In order to avoid the disproportionate expense and inconvenience associated with making a de minimis distribution to the Holder of an Allowed Unsecured Claim, the Liquidating Trustee shall not be required to make, and shall be excused from making, any initial or interim distribution to such Holder that is in the amount of less than or equal to $10.00. At the time of any final distribution to the Holders of Allowed Class 5 Unsecured Claims, all such excused distributions to such Holder shall be aggregated and, if such aggregate amount is $10.01 or more, the Liquidating Trustee shall make a final distribution to such Holder equal to such aggregated amount.

7.2.5.   Manner of Payment. All distributions to the holders of Allowed Claims under the Plan shall be made by the Liquidating Trust. At the option of the Liquidating Trust, any Cash payment to be made under this Plan may be made by check or wire transfer or as otherwise required or provided in applicable agreements.

7.3.     Compliance with Tax Requirements. In connection with the Plan, to the extent applicable, the Liquidating Trust shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit, and all distributions made pursuant to the Plan shall be

subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Liquidating Trust shall be authorized to take all actions necessary to comply with such withholding and reporting requirements.

7.4.      **No Post-Petition Interest on Claims.** Unless otherwise specifically provided for in the Plan or Confirmation Order, or required by applicable bankruptcy and non-bankruptcy law, post-petition interest shall not accrue or be paid on any pre-petition Claims against the Debtor, and no holder of a prepetition Claim against the Debtor shall be entitled to interest accruing on or after the Petition Date on any such prepetition Claim.

7.5.      **Setoffs and Recoupment.** Except as expressly provided in the Plan, the Liquidating Trust may, pursuant to Section 553 of the Code, set off and/or recoup against any Plan Distributions to be made on account of any Allowed Claim, any and all claims, rights, and Causes of Action that the Liquidating Trust may hold against the holder of such Allowed Claim to the extent such setoff or recoupment is either (i) agreed in amount among the Liquidating Trust and holder of Allowed Claim or (ii) otherwise adjudicated by the Court or another court of competent jurisdiction; provided, however, that neither the failure to effectuate a setoff or recoupment nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Liquidating Trust or its successor of any and all claims, rights, and Causes of Action that the Liquidating Trust or its successor may possess against the applicable holder. In no event shall any holder of Claims against the Debtor be entitled to recoup any such Claim against any claim, right, or Cause of Action of the Debtor or the Liquidating Trust, as applicable, unless such holder actually has performed such recoupment and provided notice of such recoupment in writing to the Debtor in accordance with § 13.8 of the Plan on or before the Effective Date, notwithstanding any indication in any Proof of Claim or otherwise that such holder asserts, has, or intends to preserve any right of recoupment.

7.6.      **Claims Paid or Payable by Third Parties.**

7.6.1.   **Claims Paid by Third Parties.** The Debtor or Liquidating Trust, as applicable, shall reduce in full a Claim, and such Claim shall be Disallowed without a Claims objection having to be filed and without any further notice to or action, order, or approval of the Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not the Debtor or the Liquidating Trust. Subject to the last sentence of this paragraph, to the extent a holder of a Claim receives a distribution on account of such Claim and receives payment from a party that is not the Debtor or the Liquidating Trust on account of such Claim, such holder shall, within fourteen (14) days of receipt of such payment, repay or return the distribution to the Liquidating Trust, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan. The failure of such holder to timely repay or return such distribution shall result in the holder owing the Liquidating Trust annualized interest at the Federal Judgment Rate on such amount owed for each Business Day after the fourteen (14) day grace period specified above until the amount is repaid.

7.6.2.   **Claims Payable by Third Parties.** No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtor's insurance policies until the holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy. To the extent that one or more of the Debtor's insurers agrees to satisfy in full or in part a

Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurer's agreement, the applicable portion of such Claim may be expunged without a Claims objection having to be filed and without any further notice to or action, order, or approval of the Court.

7.6.3. <u>Applicability of Insurance Policies.</u> Except as otherwise provided in the Plan, distributions to holders of Allowed Claims shall be in accordance with the provisions of any applicable insurance policy. Nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor or any Entity may hold against any other Entity, including insurers under any policies of insurance, nor shall anything contained in this Plan constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

**ARTICLE VIII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED, AND DISPUTED CLAIMS**

8.1.     <u>Claims Administration Responsibilities.</u> Except as otherwise specifically provided in the Plan, after the Effective Date, the Liquidating Trust, with respect to all Claims shall have the authority to: (i) file, withdraw, or litigate to judgment, objections to Claims; (ii) settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Court; and (iii) administer and adjust the Claims Register to reflect any such settlements and compromises without any further notice to or action, order, or approval by the Court. After the Effective Date, the Liquidating Trust shall have and retain any and all rights and defenses the Debtor had with respect to any Claims immediately prior to the Effective Date.

8.2.     <u>Estimation of Claims.</u> Before or after the Effective Date, the Debtor or Liquidating Trust, as applicable, may (but are not required to) at any time request that the Court estimate any Disputed Claim that is contingent or unliquidated pursuant to Section 502(c) of the Code for any reason, regardless of whether any party previously has objected to such Claim or whether the Court has ruled on any such objection, and the Court shall retain jurisdiction to estimate any such Claim, including during the litigation of any objection to any Claim or during the appeal relating to such objection. Notwithstanding any provision otherwise in the Plan, a Claim that has been expunged from the Claims Register, but that either is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at $0.00 unless otherwise ordered by the Court. In the event that the Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute a maximum limitation on such Claim for all purposes under the Plan (including for purposes of distributions), and the Liquidating Trust may elect to pursue any supplemental proceedings to object to any ultimate distribution on such Claim.

8.3.     <u>Adjustment to Claims without Objection.</u> Any Claim that has been paid or satisfied, or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register by the Liquidating Trust without any further notice to or action, order, or approval of the Court.

8.4.     <u>Time to File Objections to Claims.</u> Except as otherwise specifically provided in the Plan, or as further ordered by the Court, any objections to Claims shall be filed on or before the

later of (i) 180 days after the Effective Date or (ii) such other period of limitation as may be specifically fixed by a Final Order of the Court for objecting to such claims.

8.5.     Disallowance of Claims. Except as otherwise specifically provided in the Plan, any Claims held by Entities from which property is recoverable under Sections 542, 543, 550, or 553 of the Code, or that is a transferee of a transfer avoidable under Sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Code, shall be deemed Disallowed pursuant to Section 502(d) of the Code, and holders of such Claims may not receive any distributions on account of such Claims until such time as any objection to those Claims have been settled or a Court order with respect to such Claim has been entered. Except as provided in this Plan or otherwise agreed, any and all Proofs of Claim filed after the applicable Claims Bar Date shall be deemed Disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Court, and holders of such Claims may not receive any distributions on account of such Claims unless on or before the Confirmation Hearing such late Claim has been deemed timely filed by a Final Order.

8.6.     Amendments to Claims. On or after the Effective Date, a Claim may not be filed or amended without the prior authorization of the Court or Liquidating Trust and any such new or amended Claim filed shall be deemed Disallowed in full and expunged without any further action; provided, however, that Governmental Units shall not be required to obtain authorization of the Court or Liquidating Trust to file or amend a Proof of Claim prior to the Claims Bar Date applicable to Governmental Units pursuant to Section 502(b)(9) of the Code.

8.7.     No Distributions Pending Allowance. If an objection to a Claim or portion of a Claim is filed, no payment or distribution provided under the Plan shall be made on account of such Claim or portion of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

8.8.     Distributions After Allowance. To the extent that a Disputed Claim ultimately becomes an Allowed Claim, distributions shall be made to the holder of such Allowed Claim in accordance with the provisions of the Plan. No later than ten (10) days after the date on which an order or judgment of the Court allowing any Disputed Claim becomes a Final Order, the Liquidating Trust shall provide to the Holder of such Claim the distribution (if any) to which such holder is entitled under the Plan as of the Effective Date, without any interest, dividends, or accruals to be paid on account of such Claim unless otherwise required under the Plan or applicable bankruptcy law.

## ARTICLE IX.
## SETTLEMENT, DISCHARGE, AND RELEASE

9.1.     Compromise and Settlement. Pursuant to Section 1123 of the Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, satisfied, or otherwise resolved pursuant to the Plan. The Plan shall be deemed a motion to approve the good faith compromise and settlement of all such Claims, Interests, Causes of Action, and controversies pursuant to Bankruptcy Rule 9019, and the entry of

the Confirmation Order shall constitute the Court's approval of such compromise and settlement under Section 1123 of the Code and Bankruptcy Rule 9019, as well as a finding by the Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtor, its Estate, and Holders of Claims and Interests and are fair, equitable, and within the range of reasonableness. The provisions of the Plan are mutually dependent and non-severable.

9.2.     Release of Liens.

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED PURSUANT TO THE PLAN, ON THE EFFECTIVE DATE AND CONCURRENTLY WITH THE APPLICABLE DISTRIBUTIONS MADE PURSUANT TO THE PLAN AND, IN THE CASE OF A SECURED CLAIM, SATISFACTION IN FULL OF THE PORTION OF THE SECURED CLAIM THAT IS ALLOWED AS OF THE EFFECTIVE DATE, EXCEPT FOR OTHER SECURED CLAIMS THAT THE DEBTOR ELECTS TO REINSTATE IN ACCORDANCE WITH ARTICLE IV OF THIS PLAN, ALL MORTGAGES, DEEDS OF TRUST, LIENS, PLEDGES, OR OTHER SECURITY INTERESTS AGAINST ANY PROPERTY OF THE ESTATE SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL OF THE RIGHT, TITLE, AND INTEREST OF ANY HOLDER OF SUCH MORTGAGES, DEEDS OF TRUST, LIENS, PLEDGES, OR OTHER SECURITY INTERESTS SHALL REVERT TO THE DEBTOR AND ITS SUCCESSORS AND ASSIGNS. ON AND AFTER THE EFFECTIVE DATE, ANY HOLDER OF SUCH SECURED CLAIM (AND THE APPLICABLE AGENTS FOR SUCH HOLDER), AT THE EXPENSE OF THE DEBTOR OR LIQUIDATING TRUST, SHALL BE AUTHORIZED AND DIRECTED TO RELEASE ANY COLLATERAL OR OTHER PROPERTY OF THE DEBTOR HELD BY SUCH HOLDER (AND THE APPLICABLE AGENTS FOR SUCH HOLDER), AND TO TAKE SUCH ACTIONS AS MAY BE REASONABLY REQUESTED BY THE DEBTOR OR LIQUIDATING TRUST TO EVIDENCE THE RELEASE OF SUCH LIEN, INCLUDING THE EXECUTION, DELIVERY, AND FILING OR RECORDING OF SUCH RELEASES. THE PRESENTATION OR FILING OF THE CONFIRMATION ORDER TO OR WITH ANY FEDERAL, STATE, PROVINCIAL, LOCAL AGENCY OR DEPARTMENT SHALL CONSTITUTE GOOD AND SUFFICIENT EVIDENCE OF, BUT SHALL NOT BE REQUIRED TO EFFECT, THE TERMINATION OF SUCH LIENS.

WITHOUT LIMITING THE AUTOMATIC RELEASE PROVISIONS OF THE IMMEDIATELY PRECEDING PARAGRAPH: (i) EXCEPT AS OTHERWISE PROVIDED IN ARTICLE IV OF THE PLAN, NO OTHER DISTRIBUTION UNDER THIS PLAN SHALL BE MADE TO OR ON BEHALF OF ANY CLAIM HOLDER UNLESS AND UNTIL SUCH HOLDER EXECUTES AND DELIVERS TO THE DEBTOR OR THE LIQUIDATING TRUST SUCH RELEASE OF LIENS OR OTHERWISE TURNS OVER AND RELEASES SUCH CASH, PLEDGE, OR OTHER POSSESSORY LIENS; AND (ii) ANY SUCH HOLDER THAT FAILS TO EXECUTE AND DELIVER SUCH RELEASE OF LIENS WITHIN 180 DAYS OF THE EFFECTIVE DATE SHALL BE DEEMED TO HAVE NO CLAIM AGAINST THE DEBTOR OR ITS ASSETS OR PROPERTY IN RESPECT OF SUCH CLAIM AND SHALL NOT PARTICIPATE IN ANY DISTRIBUTION UNDER THIS PLAN.

### 9.3.  Exculpation.

**THE EXCULPATED PARTIES SHALL NOT HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST, FOR ANY ACT, EVENT, OR OMISSION FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH OR ARISING OUT OF THE CASE, THE CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE ADMINISTRATION OF THE PLAN OR THE ASSETS AND PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN (INCLUDING UNCLAIMED PROPERTY UNDER THE PLAN), UNLESS SUCH ENTITY'S ACTION IS DETERMINED AS (i) BAD FAITH; (ii) ACTUAL FRAUD; (iii) WILLFUL MISCONDUCT; OR (iv) GROSS NEGLIGENCE, IN EACH CASE BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION. EACH ENTITY MAY REASONABLY RELY UPON THE OPINIONS OF ITS COUNSEL, CERTIFIED PUBLIC ACCOUNTANTS, AND OTHER EXPERTS OR PROFESSIONALS. FOR THE AVOIDANCE OF DOUBT, THE EXCULPATION IN THIS § 9.4 SHALL NOT APPLY TO ANY ACTIONS TAKEN PRIOR TO THE PETITION DATE. THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING THE PARTIES EXCULPATED IN PLAN FROM LIABILITY. NOTHING IN THIS SECTION SHALL BE DEEMED TO RELEASE OR EXCULPATE ANY PARTY FROM ANY CAUSES OF ACTION OR D&O CAUSES OF ACTION.**

### 9.4.  Injunction.

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR ANY OTHER ORDER ENTERED PREVIOUSLY BY THE COURT WITH RESPECT TO A COMPROMISE, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST, OR INTERESTS IN, THE DEBTOR ARE PERMANENTLY ENJOINED, ON AND AFTER CONFIRMATION DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, WITHOUT FIRST SEEKING AND BEING GRANTED LEAVE FROM THE COURT, FROM (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE DEBTOR, LIQUDATING TRUST, LIQUIDATING TRUST ASSETS, OR D&O LIABILITY INSURANCE POLICIES WITH RESPECT TO ANY SUCH CLAIM OR INTEREST; (ii) THE ENFORCEMENT, ATTACHMENT, COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS OF JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTOR, LIQUDATING TRUST, LIQUIDATING TRUST ASSETS, OR D&O LIABILITY INSURANCE POLICIES ON ACCOUNT OF ANY SUCH CLAIM OR INTEREST; (iii) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST THE DEBTOR, THE LIQUDATING TRUST, OR ITS ASSETS ON ACCOUNT OF ANY SUCH CLAIM OR INTEREST; AND (iv) ASSERTING ANY RIGHT OF SETOFF, RECOUPMENT OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTOR, THE LIQUDATING TRUST, OR ITS ASSETS ON ACCOUNT OF ANY SUCH CLAIM OR INTEREST. THE FOREGOING INJUNCTION WILL EXTEND TO SUCCESSORS OF THE DEBTOR AND LIQUDATING TRUST AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN THE PROPERTY.**

9.5.     Reimbursement or Contribution. If the Court disallows a Claim for reimbursement or contribution to an Entity pursuant to Section 502(e)(1)(B) of the Code, then to the extent that such Claim is contingent as of the time of allowance or disallowance, such Claim shall be forever Disallowed and expunged notwithstanding Section 502(j) of the Code unless prior to the Confirmation Date: (i) such Claim has been adjudicated as non-contingent or (ii) the relevant holder of a Claim has filed a non-contingent Proof of Claim on account of such Claim and a Final Order has been entered prior to the Confirmation Date determining such Claim as no longer contingent.

9.6.     Section 524(e). Regardless of anything to the contrary in this Plan nothing in the release provisions in this Plan shall operate as a third-party discharge or affect the liability of any non-debtor party in contravention of 11 U.S.C. § 524(e).

## ARTICLE X.
## CONDITIONS PRECEDENT TO CONFIRMATION AND
## CONSUMMATION OF THE PLAN

10.1.     Conditions Precedent to Confirmation. The following are conditions precedent to confirmation of the Plan that shall be satisfied or waived in writing in accordance with § 10.3 of the Plan:

10.1.1.  The Court shall have approved a Disclosure Statement with respect to the Plan in form and substance acceptable to the Debtor; and

10.1.2.  the Confirmation Order, Plan, Liquidating Trust Agreement, and Plan Documents shall be in form and substance acceptable to the Debtor.

10.2.     Conditions Precedent to Effectiveness. The following are conditions precedent to the occurrence of the "Effective Date," which shall be the date upon which each of the following shall be satisfied or waived in writing in accordance with § 10.3 of the Plan:

10.2.1.  The Court shall have entered the Confirmation Order in form and substance acceptable to the Debtor; and the Confirmation Order shall be a Final Order and shall not (i) have been reversed or vacated or (ii) be subject to a then-effective stay;

10.2.2.  The Liquidating Trust Agreement and related documents shall have been in place, effective, and filed where required; and

10.2.3.  The Debtor shall have obtained all authorizations, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Plan;

10.3.     Waiver of Conditions. The conditions to Confirmation and the Effective Date set forth in this Article X may be waived only with the prior written consent of the Debtor without notice, leave, or order of the Court or any formal action other than proceedings to confirm or consummate the Plan.

10.4.     Effect of Failure of Conditions. If Consummation does not occur, the Plan shall be null and void in all respects, and nothing contained in the Plan or the Disclosure Statement shall:

(i) constitute a waiver or release of any Claims by the Debtor, Claims, or Interests; (ii) prejudice in any manner the rights of the Debtor, any holders of Claims or Interests, or any other Entity; or (iii) constitute an admission, acknowledgment, offer, or undertaking by the Debtor, any holders of Claims or Interests, or any other Entity.

## ARTICLE XI.
## RETENTION OF COURT JURISDICTION

11.1.    Retention of Court Jurisdiction. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain jurisdiction over all matters arising in, arising under, or related to, the Debtor's Case including matters concerning and related to, among other things, the following purposes:

11.1.1.  Allow, disallow, determine, liquidate, classify, estimate, or establish the priority, secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the secured or unsecured status, priority, amount, or allowance of Claims or Interests;

11.1.2.  Decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professionals authorized pursuant to the Code or Plan;

11.1.3.  Resolve any matters related to: (i) the assumption, assignment, or rejection of any executory contract or unexpired lease to which the Debtor is party or with respect to which the Debtor may be liable in any manner and to hear, determine, and, if necessary, liquidate, any Claims, including Claims related to the rejection of an Executory Contract or Unexpired Lease, cure obligations pursuant to Section 365 of the Code, or any other matter related to such Executory Contract or Unexpired Lease; (ii) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed and/or assigned; and (iii) any dispute regarding whether a contract or lease is or was executory or expired;

11.1.4.  Ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan and Liquidating Trust Agreement;

11.1.5.  Adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor that may be pending on the Effective Date;

11.1.6.  Adjudicate, decide, or resolve any and all matters related to Causes of Action;

11.1.7.  Enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all agreements or documents created in connection with the Plan or Disclosure Statement;

11.1.8.  Enter and enforce any order for the sale of property pursuant to Sections 363 or 1123 of the Code;

11.1.9.  Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or any entity's obligations incurred in connection with the Plan;

11.1.10.  Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan;

11.1.11.  Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the settlements, compromises, releases and injunctions, and enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;

11.1.12.  Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the repayment or return of distributions to insiders, if any;

11.1.13.  Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

11.1.14.  Determine any other matters that may arise in connection with or relate to the Plan, Disclosure Statement, Confirmation Order or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or Disclosure Statement;

11.1.15.  Adjudicate any and all disputes arising from or relating to distributions under the Plan or any transactions contemplated in the Plan;

11.1.16.  Consider any modifications of the Plan, to cure any defect or omission or to reconcile any inconsistency in any Court order, including the Confirmation Order;

11.1.17.  Determine requests for the payment of Claims entitled to priority pursuant to Section 507 of the Code;

11.1.18.  Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or Confirmation Order, including disputes arising under agreements, documents, or instruments executed in connection with the Plan;

11.1.19.  Hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Code;

11.1.20.  Enforce all orders previously entered by the Court;

11.1.21.  Hear any other matter not inconsistent with the Code;

11.1.22.  Enter an order concluding or closing the Case; and

11.1.23.  Enforce the injunction and discharge provisions set forth in the Plan.

## ARTICLE XII.
## MODIFICATION AND REVOCATION OF THE PLAN

12.1.     Immediate Binding Effect. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan (as may be amended or modified), any supplement to the Plan, or the Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Debtor and any and all Holders of Claims against or Interests in the Debtor (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan) all entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each entity acquiring property under the Plan or Confirmation Order, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor. All Claims and debts shall be fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan.

12.2.     Modification of the Plan. Subject to the limitations contained in this Plan, the Debtor reserves the right to modify the Plan as to material terms and seek Confirmation consistent with the Code and, as appropriate, not resolicit votes on such modified Plan. Subject to certain restrictions and requirements set forth in Section 1127 of the Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtor expressly reserves its rights to alter, amend, or modify materially the Plan one or more times after Confirmation and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with this Article XI.

Entry of a Confirmation Order shall mean that all modifications or amendments to the Plan occurring after the solicitation of the Plan and prior to the Confirmation Date are approved pursuant to Section 1127(a) of the Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

12.3.     Revocation or Withdrawal of the Plan. The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date or Effective Date and to file subsequent plans. If the Debtor revokes or withdraws the Plan, or if Confirmation or Consummation does not occur, then: (i) the Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption and assignment or rejection of executory contracts or unexpired leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (iii) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims or Interests; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor or any other Entity.

# ARTICLE XIII.
## MISCELLANEOUS PROVISIONS

13.1.     <u>Payment of Statutory Fees.</u> All fees payable pursuant to Section 1930 of title 28 of the United States Code, as determined by the Court at the Confirmation Hearing, shall be paid on or before the Effective Date. After the Effective Date, the Liquidating Trust shall pay, including any outstanding U.S. Trustee fees, prior to the closing of the Case, in accordance with the Code and Bankruptcy Rules, all fees payable pursuant to Section 1930 of title 28 of the United States Code, which accrue after the Effective Date through and including the closing of any of the Case. The Liquidating Trust shall file timely quarterly operating reports until this case is closed, dismissed, or converted.

13.2.     <u>Governing Law.</u> Except to the extent that the Code, the Bankruptcy Rules or other federal law is applicable or to the extent a schedule or exhibit to this Plan or instrument agreement or other document executed under the Plan provides otherwise, this Plan, the rights, duties and obligations arising under this Plan, and any claim or controversy directly or indirectly based upon or arising out of this Plan or the transactions contemplated by this Plan (whether based on contract, tort, or any other theory), including all matters of construction, validity and performance, shall be governed by and interpreted, construed, and determined in accordance with, the internal laws of the State of Texas (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).

13.3.     <u>Corporate Action.</u> Prior to, on, and after the Effective Date, all matters provided for under the Plan that otherwise would require approval of the shareholders or directors of the Debtor shall be deemed to have occurred and shall be in effect prior to, on, and after the Effective Date pursuant to the applicable general corporation law of the jurisdiction in which the Debtor is organized without any requirement of further action by the shareholders or directors of the Debtor.

13.4.     <u>Severability of Plan Provisions.</u> If, prior to Confirmation, any term or provision of this Plan is held by the Court or other court of competent jurisdiction to be invalid, void, or unenforceable, the Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

13.5.     <u>Successors and Assigns.</u> The Plan shall be binding on, and shall inure to the benefit of, the Debtor and its respective successors and assigns. The rights, benefits, and obligations of any Person or Entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person or Entity.

13.6.     <u>Reservation of Rights.</u> Except as expressly set forth in this Plan, this Plan shall have no force or effect unless the Court shall enter the Confirmation Order and the Effective Date shall

have occurred. Neither the filing of this Plan, nor any statement or provision contained in this Plan, nor the taking of any action by the Debtor with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtor prior to the Effective Date. If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and does not become effective, the rights of all parties in interest in the Debtor are and shall be reserved in full. Any concessions or settlements reflected in this Plan, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

13.7.    Further Assurances. The Debtor is authorized to execute, deliver, file, or record such contracts, agreements, instruments, releases and other documents and take or cause to be taken such action as may be necessary or appropriate to effectuate, implement and further evidence the terms, provisions and intent of this Plan and to consummate the transactions and transfers contemplated by the Plan.

13.8.    Notice and Service of Documents. With the exception of the Debtor and the U.S. Trustee, as of the Effective Date, all parties having filed entries or notices of appearance or requests for service in the Case shall no longer be provided with notice. Any Person desiring to remain on the Bankruptcy Rule 2002 service list shall be required to file a request for continued service and to serve such request upon counsel to the Debtor within thirty (30) days of the Effective Date. Persons shall be notified of such continued notice requirements in the notice of entry of the Confirmation Order. Post-Confirmation matters for which notice is required to be given shall be deemed sufficient if served upon counsel for the U.S. Trustee's Office, counsel to the Debtor, and all persons on the Bankruptcy Rule 2002 service list.

All notices, requests, and demands required or permitted to be provided to the Debtor under the Plan shall be in writing and shall be deemed to have been duly given or made (i) when actually delivered (a) by certified mail, return receipt requested, (b) by hand delivery or (c) by U.S. mail, postage prepaid or (ii) in the case of notice by facsimile transmission, when received and confirmed, addressed as follows:

Joshua N. Eppich
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

13.9.    Conflicts. To the extent any provision of the Disclosure Statement or any instrument, document, or agreement executed in connection with the Plan or Confirmation Order (or any exhibits, schedules, appendices, supplements, or amendments to the foregoing) conflicts with or is in any way inconsistent with the terms of the Plan, the terms and provisions of the Plan shall govern and control.

13.10.    Plan Supplement. Not later than ten (10) days prior to the Confirmation Hearing, the Debtor shall file with the Court any supplement to the Plan (the "**Plan Supplement**"), which shall include the Exhibits identified in this Plan and any other such agreements and documents as

may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

13.11.    <u>Determination of Tax Liability.</u> The Debtor is authorized, but not required, to request an expedited determination under Section 505(b) of the Code of the tax liability of the Debtor for all taxable periods ending after the Petition Date through and including the Effective Date.

13.12.    <u>Post-Effective Date Fees and Expenses.</u> From and after the Effective Date, the Liquidating Trust shall, in the ordinary course of business and without the necessity for any approval by the Court, pay the reasonable professional fees and expenses incurred by the Liquidating Trust, and any professionals retained by the Liquidating Trust, related to the Consummation and to the implementation of this Plan.

13.13.    <u>Entire Agreement.</u> This Plan and the Plan Supplement supersede all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, which have all become merged and integrated into this Plan.

13.14.    <u>Closing of the Case.</u> At such time as it selects, the Liquidating Trust may seek a final decree pursuant to Section 350 of the Code formally closing the Case.

13.15.    <u>Change of Control Provisions.</u> Any acceleration, vesting or similar change of control rights under any employment, benefit or other arrangements triggered by the consummation of this Plan shall be waived or otherwise cancelled under this Plan.

13.16.    <u>Votes Solicited in Good Faith.</u> Upon entry of the Confirmation Order, the Debtor will be deemed to have solicited votes on the Plan in good faith and in compliance with the Code, and pursuant to Section 1125(e) of the Code, the Debtor and its affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, and attorneys will be deemed to have participated in good faith and in compliance with the Code in the offer, issuance, sale, and purchase of securities offered and sold under the Plan and any previous plan, and, therefore, neither any of such parties or individuals or the Liquidating Trust will have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the Securities offered and sold under the Plan and any previous plan.

13.17.    <u>Substantial Consummation.</u> On the Effective Date, the Plan shall be deemed to be substantially consummated under Sections 1101 and 1127(b) of the Code.

13.18.    <u>No Admission Against Interest.</u> Neither the filing of this Plan, the Disclosure Statement, nor any statement contained in the Plan or Disclosure Statement, is or shall be deemed an admission against interest. In the event that this Plan is not consummated, neither this Plan, the Disclosure Statement nor any statement contained in the Plan or Disclosure Statement may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside the Court involving the Debtor or any of its former or present officers, directors, or Interest Holder.

13.19.    <u>Post-Confirmation Notice.</u> Pursuant to Bankruptcy Rule 2002 and any applicable local Bankruptcy Rules, notice of all post-Confirmation matters for which notice is required to be

given shall be deemed sufficient if served upon the U.S. Trustee, counsel for the Debtor, counsel to the Liquidating Trust, and all persons on the Bankruptcy Rule 2002 service list. With the exception of counsel for the Debtor and the U.S. Trustee, any Person desiring to remain on the Bankruptcy Rule 2002 service list shall be required to file a request for continued service and to serve such request upon counsel to the Debtor and Liquidating Trust within thirty (30) days subsequent to the Effective Date. Persons shall be notified of such continued notice requirements in the notice of entry of the Confirmation Order. Persons who do not file a request for continued service shall be removed from the Bankruptcy Rule 2002 service list upon the Effective Date and shall be served with pleadings only where they have a direct pecuniary interest in the relief sought by the pleading.

Dated: June 28, 2023                          Respectfully submitted,

                                              **NOC, INC.**

                                              By: */s/ Brad Walker*_____
                                              Its: Chief Restructuring Officer